UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kevin Haymore, | Case No. 21-CV-1356 (MJD/ECW) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Kevin Torgerson, Olmsted County Sheriff; John Manllman, Food Server Supervisor; and Kim Norton, Mayor, or Rochester, individually and in their official capacities, | |
| Defendants. | |

Plaintiff Kevin Haymore, a prisoner at the Olmsted County Adult Detention Center, was previously ordered by this Court to pay an initial partial filing fee of $11.68 in order to proceed with this action. (*See* Dkt. 5 (citing 28 U.S.C. § 1915(b))). Haymore has now done so; he has, in fact, paid $12.00 toward the filing fee in this matter. (*See* Dkt. 6.) Accordingly, this matter is now ready for review pursuant to 28 U.S.C. § 1915A. As a result of that review, this Court recommends that this matter be dismissed without prejudice.

Under § 1915A(a), "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915(b).  In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor.  *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008).  Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id.* at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Pro se complaints are to be construed liberally, but the pleading must still allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Diabetic inmates at the Olmsted County Jail, including Haymore, receive their meals in a white paper bag with their name written on it, rather than the nondescript brown paper bags used for non-diabetic inmates.  (*See* Dkt. ¶ 16.)  Haymore alleges that, on April 8, 2021, the marked white paper bag delivered to him with his dinner included a

picture of a "white man holding a shotgun in the woods . . . leering at the camera."[1] (*Id.* ¶ 15.) Haymore, who is African American (*see id.* ¶ 25), interpreted the picture as a threat — and, because the meal bag was labeled with his name, a threat specifically aimed towards him (*id.*).

Haymore alleges that he immediately informed an officer at the Olmsted County Adult Detention Center about the incident, and that the officer (who is not a defendant to this action) attempted to locate a sergeant or other supervisor to speak with Haymore, but that none was available at the time. (*See id.* ¶¶ 13-15.) The following day, a sergeant (who is also not a defendant) did speak with Haymore, took photographs of the picture found in Haymore's food bag, and informed Haymore that someone would follow up with him about the incident. (*Id.* ¶¶ 18-19.) Several days passed, however, with no further communication from jail staff about the picture or the investigation. In the meantime, Haymore had become so nervous from the threat that he was unable to eat, which in turn caused him to suffer medical consequences related to his diabetes. (*See id.* ¶¶ 27-28.) Further grievances filed by Haymore with prison staff about the incident were not promptly addressed by jail officials, and it is unclear from the Complaint whether there was even any resolution of the incident, including whether the identity of the perpetrator who placed the picture into the bag was ever found.

---

[1] Haymore states that the picture has been included as an exhibit to the Complaint (*see* Dkt. 1 ¶ 14), but no picture was included among the documents filed by Haymore in this matter.

Based on those allegations, Haymore brings claims under 42 U.S.C. § 1983 against Kevin Torgerson, the Olmsted County Sheriff; John Manllman,[2] the supervisor of the food-service area at the Olmsted County Adult Detention Center; and Kim Norton, the mayor of Rochester, Minnesota, where the Olmsted Adult Detention Center is located. (*See id.* ¶¶ 32-48.) Haymore also mentions the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and state law as potential sources for relief. (*See id.* ¶ 44.)

The claims brought against Norton are a non-starter. The Complaint provides no reason to believe that Norton has any relationship to the events at issue in this litigation. No substantive factual allegations are pleaded regarding Norton other than that she was mayor of the municipality where the Olmsted County Adult Detention Center is located. (*See id.* ¶ 9.) The Complaint does not allege that Norton has any supervisory responsibility or authority over the Olmsted County Adult Detention Center — which, as the name suggests, is operated by Olmsted County, not the City of Rochester. There is no remotely plausible basis upon which Norton could be found liable for the events at issue in this litigation.

The claims brought by Haymore against Torgerson and Manllman are a closer question. Torgerson (as Olmsted County Sheriff) and Manllman (as food-service supervisor) each have supervisory authority at the Olmsted County Adult Detention

---

[2]   This Defendant's name is spelled several ways in the Complaint, including "Mancillman" (*see* Dkt. 1 ¶ 10), and "Manallan" (*id.* ¶ 33). This Court uses the spelling provided in the caption of the Complaint.

Center. Accordingly, unlike with Norton, there is at least a discernable nexus between those defendants and the events at issue in this litigation.

That said, as Haymore was previously warned, to succeed on a personal-capacity claim under § 1983, a litigant must prove that the specific defendant being sued acted unlawfully himself or herself." *Washington v. Craane*, No. 18-CV-1464 (DWF/TNL), 2019 WL 2147062, at *2 (D. Minn. Apr. 18, 2019) (citing *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.")). Supervisors may not be held liable under § 1983 merely because they employed a subordinate who acted wrongfully. *See Tlamka v. Serrell*, 244 F.3d 628, 635 (8th Cir. 2001) ("A supervisor may not be held liable under § 1983 for the constitutional violations of a subordinate on a respondeat superior theory."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). To support supervisory liability under § 1983, "[t]he plaintiff must demonstrate that the supervisor was deliberately indifferent to or tacitly authorized the offending acts. This requires a showing that the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996) (citations omitted).

Haymore's claims for relief mostly relate to the supervisory responsibilities of Torgerson and Manllman — that is, Haymore contends that had Torgerson and Manllman

5

performed their supervisory roles properly, the unknown person[3] who placed the threatening picture into the food bag would not have done so. But Haymore does not allege that Torgerson or Manllman had any reason to know that the kind of incident that did occur might happen. Instead, Haymore's claims collapse into a theory of general supervisory liability: *i.e.*, if Torgerson and Manllman had exercised supervisory authority properly, the threatening picture would not have been placed in the food bag. As explained above, though, § 1983 requires more than allegations that an official has supervisory authority and that something improper occurred on his watch. *Camberos*, 73 F.3d at 176.

Only in two respects does the Complaint attempt to show that Torgerson and Manllman themselves acted unlawfully. First, Haymore alleges that Torgerson was delinquent in following up on grievances filed about the incident and that this delinquency itself constitutes a violation of his constitutional rights separate from the picture incident. But prisoners do not have a protectable liberty interest in facility grievance procedures, and an official's failure to respond to a grievance properly or quickly enough cannot by itself amount to a basis for relief under § 1983. *See, e.g.*, *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2003) (per curiam).

Second, Haymore alleges that the incident caused him such distress that he was for some time unable to eat and that this, in turn, caused him to suffer medical consequences

---

[3]   Although not entirely clear from the Complaint, it appears that the persons responsible for preparing meals and placing those meals into bags may be inmates of the jail. (*See* Dkt. 1 ¶ 36.)

6

related to his diabetes. Had either Torgerson or Manllman taken proper action, Haymore claims, these medical consequences would have been avoided. Therefore, concludes Haymore, the failure to Torgerson and Manllman to prevent the picture from being placed in the bag or to take adequate measures following the incident amounts to deliberate indifference to his needs. Haymore equates his situation to prisoners who have been denied food or medical care altogether by prison officials (*see* Dkt. 1 ¶¶ 45-46), but there is no allegation that Haymore was at any point actually deprived of food or medical care by Torgerson, Manllman, or anyone else at the Olmsted County Adult Correctional Facility.

Along with his § 1983 claims, Haymore also refers to the ADA and state law as potential sources for relief. The ADA claim is almost entirely conclusory; apart from a single mention of the statute (*see id.* ¶ 44), Haymore does not in any way attempt to tie the factual allegations in the Complaint to any behavior prohibited by the ADA.[4] This claim is inadequately pleaded. With respect to the state-law claims, Haymore relies upon the supplemental-jurisdiction statute, 28 U.S.C. § 1367, as the basis for the Court's jurisdiction (*see id.* ¶ 2). But the Eighth Circuit has instructed district courts not to extend supplemental jurisdiction over state-law claims pursuant to § 1367 where, as is recommended there, all federal-law claims over which the court has original jurisdiction are dismissed prior to trial. *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).

---

[4] In fact, it is not clear from the Complaint that Haymore is disabled for purposes of the ADA. *See* 42 U.S.C. § 12102(1) (ADA definition of "disability").

Accordingly, it is recommended that this matter be dismissed without prejudice in its entirety — the federal-law claims for failure to state a claim on which relief may be granted, and the state-law claims for lack of jurisdiction. Haymore remains responsible for the remainder of the $350.00 filing fee owed in this matter, which must be paid in installments over time as funds become available in Haymore's facility trust account. *See* 28 U.S.C. § 1915(b).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE as follows:

    a. The claims brought under federal law be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b).

    b. The claims brought under state law be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. The applications to proceed *in forma pauperis* of plaintiff Kevin Haymore (Dkts. 2 & 4) be DENIED.

3. The Clerk of Court provide notice to the authorities at the institution where Haymore is confined of the requirement that, consistent with 28 U.S.C. § 1915(b), Haymore pay the remainder of the filing fee owed in this matter ($330.00).

Dated: July 16, 2021                         *s/Elizabeth Cowan Wright*
                                             ELIZABETH COWAN WRIGHT
                                             United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).